# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ASKIA HILL,

        Petitioner,               Case Number: 5:08-14102

v.                                HON. JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.
                                    /

## ORDER GRANTING PETITIONER'S MOTION TO EXPAND OR SUPPLEMENT THE RECORD AND MOTION FOR ACCESS TO CASE AUTHORITIES, DIRECTING RESPONDENT TO SERVE PETITIONER WITH A COPY OF AN UNPUBLISHED DECISION, AND DENYING PETITIONER'S MOTION FOR DISCOVERY

Petitioner Askia Hill has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for assault with intent to commit murder, carjacking, felon in possession of a firearm, and felony firearm. Now before the Court are Petitioner's Motion to Expand or Supplement the Record, Motion for Access to Case Authorities, and Motion for Discovery.

First, Petitioner seeks permission to expand the record to include documents that he contends support the claims presented in his habeas corpus petition. Rule 7, Rules Governing Section 2254 Cases, allows for expansion of the record in habeas corpus proceedings as follows:

> (a) If the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition.
>
> (b) The expanded record may include, without limitation, letters predating the filing of the petition in the district court, documents, exhibits, . . . Affidavits may be submitted and considered as part of the record.

Rule 7, Rules Governing Section 2254 Cases.

To date, Respondent has not filed a response to the Motion to Expand the Record. The Court determines that the documents Petitioner seeks to have included as part of the record may be relevant to addressing the merits of the habeas corpus petition, and shall therefore grant the motion.

Second, Petitioner filed a Motion for Access to Case Authorities in which he asks the Court to order Respondent to provide him with a copy of an unpublished Sixth Circuit opinion cited in Respondent's Answer. As Petitioner correctly notes, it was inappropriate for Respondent to rely on an unpublished case without attaching a copy of the decision to his answer, *see* 6th Cir. R. 28(g) (allowing citation of unpublished opinions in the Sixth Circuit and district courts only where the party citing the decision "serves a copy thereof on all other parties in the case and on th[e] Court."), particularly in light of the fact that Petitioner is a pro se prisoner with no access to electronic legal databases. Therefore, the Court will grant the motion and direct Respondent to serve a copy of the unpublished decision on Petitioner.

Finally, Petitioner has filed a Motion for Discovery. "Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d

932, 975 (6th Cir. 2004), *quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id., quoting Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997).

Petitioner seeks discovery related to allegations that the Detroit Crime Lab falsified ballistics evidence. This claim was raised for the first time in Petitioner's reply to Respondent's Answer. It has not been exhausted in state court and is based on purely speculative allegations. Therefore, the Court will deny the request for discovery.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Expand or Supplement the Record [dkt. # 14] and Motion for Access to Case Authorities [dkt. # 12] are **GRANTED**. Respondent is **ORDERED** to serve a copy of the unpublished Sixth Circuit opinion cited in his answer on Petitioner within **FOURTEEN DAYS** from the date of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Discovery [dkt. #13] is **DENIED**.

s/John Corbett O'Meara  
United States District Judge

Date: February 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 23, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager