# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ASKIA HILL,<br><br>                Petitioner,<br><br>    v.<br><br>BLAINE LAFLER, WARDEN,<br><br>                Respondent. | Case No. 5:08-CV-14102<br>Judge Peter C. Economus,<br>     By Designation<br>OPINION AND ORDER |

Petitioner, a prisoner convicted and sentenced in Michigan state court, has pending before this Court[1] a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's second Motion for Leave to Conduct Discovery. (E.D. Mich. Doc. # 18.) Respondent did not file a response.

Petitioner seeks leave to conduct discovery upon what he describes as "recently discovered" evidence regarding the alleged perjury of a witness at his 2004 trial. He asserts that Jermaine Davenport testified at trial that he, Davenport, was no longer dealing drugs. Petitioner claims that "new information" in the form of Davenport's 2008 indictment and conviction[2] of drug dealing undermines that trial testimony. (Motion, pages 2 – 3.) "The prosecutor in opening statement and closing argument [at Petitioner's trial] put the weight of the state behind Davenport's claim that he was no longer dealing drugs." (*Id.*, page 2.) "The question whether Davenport was still involved in drug dealing was material to the case and went directly to Davenport's credibility as a witness." (*Id.*) Petitioner seeks discovery of the "entire file" relating to *United States v. Jermaine Davenport*, E.D. Mich. Case No. 5:08-CR-20123.

---

[1] Pursuant to Title 28, United States Code, § 292(b), Chief Judge Alice M. Batchelder designated and assigned Judge Peter C. Economus to hear this case. (*See* Designation, docs. # 16 and 17.)

[2] For the purpose of this Order, the Court takes judicial notice of the indictment and judgment, time-stamped copies of which are attached to Petitioner's motion.

A habeas corpus petitioner is not entitled to discovery as of right. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997); *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). Under the provisions of Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Court, a petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969), quoted in *Bracy v. Gramley*, 117 S.Ct. at 1799; *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004). When a petitioner fails to make "a fact specific showing of good cause under Rule 6," the court will deny the discovery requests as a mere fishing expedition. *Stanford v. Parker,* above; *Williams v. Bagley*, above. Rule 7, Rules Governing Section 2254 Cases, further limits discovery, allowing only the "addition of records which are relevant to the merits of a habeas corpus petition." Finally, if a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by the Antiterrorism and Effective Death Penalty Act of 1996. See, 28 U.S.C. § 2254(e)(2)(A)(ii). *See, Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992) (Requiring a showing of cause for the failure to develop the facts in the state court and the resulting prejudice if the discovery is not permitted in federal court).

In order to determine whether Petitioner is entitled to conduct discovery, the Court must identify the essential elements of the claim that the discovery purports to support. Here, though, Petitioner states that this newly discovered information "underscores [his] theory" that "Jermaine Davenport committed the murder" for which Petitioner was convicted. (Motion, page 5.) This

2

claim does not form the basis for relief in his habeas petition. (*See* Petition, Doc. #1, pages 8 – 9.) As a result, the requested discovery is not warranted.

Even if the discovery were related to Petitioner's habeas claims, the result would be the same. Significantly, Davenport was not indicted until four years after Petitioner's trial for criminal activity that took place in 2006 through 2007—one to two years after the trial. Therefore, there is no connection between Davenport's 2004 testimony and his 2008 indictment. In addition, Davenport may have been telling the truth in 2004 when he testified that he was "no longer in the street life." There is no evidence before the Court to believe otherwise and, without more, Petitioner's allegation that Davenport's testimony was untruthful is merely speculative.

Last, Davenport's involvement in drug dealing was already before the jury. To the extent that Petitioner seeks to add information about Davenport's apparent return to drug dealing to undermine Davenport's credibility as a witness, federal habeas courts may not "redetermine credibility of witnesses whose demeanor has been observed by the state trial court[.]" *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

Petitioner has not made an adequate showing of good cause for the requested discovery. Accordingly, **IT IS ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (doc. # 18) is **DENIED.**

                        **/s/ Peter C. Economus  -  March 9, 2012**
                        **UNITED STATES DISTRICT JUDGE**